## IN THE MATTER OF THE ESTATE OF CHING LUM, DECEASED.

### No. 1940.

FILED JUNE 12, 1930.                    DECIDED JULY 2, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* This is a petition for a rehearing. There is no complaint that what we decided was wrongly decided but that we omitted to decide two questions upon which the petitioner thinks she was entitled to a decision. The first of these questions is whether the temporary administrators were estopped to deny that the petitioner was the lawful wife of their intestate if she was deceived into a

marriage with him by his false representations that he had no wife living at the time. The second question is whether a woman deceived into an illegal marriage is entitled to relief in the nature of the relief provided for a lawful widow by section 2487, R. L. 1925. We thought at the time the original opinion was prepared, and we still think, that neither of these questions was involved in the case before us.

The petitioner's claim that the administrators are estopped to deny that she was ever legally married to the decedent cannot be sustained. The petition is filed in the probate court, while the estate is being administered, and is a request for support pending the administration. Section 2487, R. L. 1925, relates expressly to that subject. It defines the authority of the court upon such applications. It provides, as we have held, for allowances to a lawful widow and to the lawful children. *Enumeratio unius est exclusio alterius.* It does not authorize provision for illegitimates or for one who was deceived into an illegal marriage. In our opinion, it was not contemplated by the legislature, in enacting the statute, that provision should be made, pending administration, for any but the lawful widow and the lawful children, or that estoppel would constitute an exception to the rule.

The second question that it is complained we did not decide likewise presents no sufficient ground for a rehearing. The petition for temporary allowance was in no sense a suit in equity for a share of the decedent's estate on the ground that the petitioner had helped him accumulate it under the honest belief that she was his lawful wife, but, as we have already said, was purely a statutory proceeding in probate. *Ah Leong* v. *Ah Leong,* 29 Haw. 770, to which petitioner herein calls our attention, was a suit in equity, brought by a woman against her putative husband for a share of his estate on the ground that she

had been deceived into an illegal marriage and under the belief that it was a valid marriage had assisted him in the accumulation of property. The theory upon which that case was decided is wholly different from that upon which a statutory claim for a temporary allowance is based. If the petitioner should present a case in equity similar to the *Ah Leong* case it will then be time enough to decide the second question now urged upon our consideration.

The petition for a rehearing is denied without argument under the rule.